State v. Midgett

No error.

Judges WEBB and BECTON concur.

STATE OF NORTH CAROLINA v. ELLSWORTH BURRIS MIDGETT, III

No. 851SC470

(Filed 17 December 1985)

1. Criminal Law § 23— plea bargain for federal offense—no effect on State case

A plea agreement entered into between defendant and the U. S. Attorney did not entitle defendant to immunity in this driving while impaired case, since (1) imposing a federal plea agreement upon a State prosecutor would impinge upon the concept of dual sovereignty in a State prosecution of an unrelated crime; (2) the plea agreement, which assured defendant that no additional charges would be brought, was signed and approved at a time when the State had already charged defendant with driving while impaired, and he had been convicted in district court and had appealed to superior court; and (3) the Assistant U. S. Attorney wrote a letter to the State District Attorney indicating that the charges contemplated in the plea bargain agreement were solely drug offenses and at no time was his office aware of any driving while impaired charge.

2. Automobiles § 126.3— driving while impaired—chemical analysis of blood and breath—evidence admissible

In a prosecution of defendant for driving while impaired, the trial court did not err in allowing an officer to testify that defendant's alcohol concentration was "0.14 grams of alcohol per 210 liters of breath," though defendant contended that the officer was competent to perform chemical analysis of the breath to determine blood alcohol concentration as opposed to alcohol breath concentration and therefore should have said "0.14 grams of alcohol per 100 milliliters of blood" rather than "0.14 grams of alcohol per 210 liters of breath," since it was irrelevant whether the officer's permit to perform chemical analysis stated blood alcohol concentration or breath alcohol concentration because both are measured in the same manner and produce the same mathematical result which can be expressed in terms of 100 milliliters of blood or 210 liters of breath.

3. Automobiles § 130; Criminal Law § 138.11— conviction in a trial de novo—increased sentence

The trial court did not err by increasing defendant's sentence following his conviction in a trial de novo, since defendant was convicted of a federal drug offense in the intervening period between the district court trial and the superior court appeal, and this intervening conviction justified an enhanced sentence and amply rebutted any presumption of vindictiveness.

APPEAL by defendant from *Small, Judge.* Judgment entered 6 December 1984 in Superior Court, DARE County. Heard in the Court of Appeals 23 October 1985.

This is a criminal case in which defendant, Ellsworth Burris Midgett, III, was convicted at a jury trial for driving while impaired. From a judgment imposing a seven month prison sentence, defendant appeals.

On 23 October 1983 at approximately 3:00 a.m. Manteo Police Officer Jacob S. Ball observed a green van driving in the wrong lane. Officer Ball followed the van and then pulled it over. The defendant was driving. Officer Ball testified that the defendant smelled of alcohol, was unstable and staggering, his eyes glassy and his face flushed. Officer Ball arrested the defendant for driving while impaired and took him to the Dare County Courthouse for chemical analysis and other tests.

At the courthouse, defendant failed several performance tests of sobriety. His speech was slurred and his conduct was described as "loud, boisterous, abusive, cocky, unruly, belligerent and arrogant." The officers present were of the opinion that the defendant was under the influence of alcohol and a chemical analysis of defendant's breath was administered by Officer A. Arnold Simmons, Jr.

On 20 December 1983 defendant was tried for the offense in District Court, Dare County. He was convicted of driving while impaired and sentenced to six months imprisonment, suspended for two years. He received special supervised probation for two years, the mandatory seven day jail term and a $385.00 fine. Defendant appealed his conviction to the Dare County Superior Court.

Subsequently, the defendant became involved in another unrelated criminal offense. On 30 April 1984 he signed a plea bargain agreement with the United States Attorney's office for the Eastern District of North Carolina. In that agreement, the defendant agreed to plead guilty to conspiring to import controlled substances (hashish) into the United States in violation of 21 U.S.C. Section 963. In July 1984 defendant pleaded guilty to this federal drug offense. The plea agreement contained the following statement:

7. The Government can assure the defendant that neither the Federal Government nor the State of North Carolina will bring additional charges against the defendant for any violation of law now known to the Government. Furthermore, that upon the defendant's plea of guilty of Count One, the Government agrees that it will not indict or prosecute defendant for any criminal offenses that the Government currently has knowledge of with respect to defendant or are currently under investigation in the United States or any of its territories.

On 26 July 1984 the Dare County Superior Court heard defendant's case *de novo*. The trial ended in a mistrial. On 4 December 1984 the defendant was re-tried. Defense counsel moved to dismiss the charge based on the federal plea bargain agreement. Defendant argued that the federal agreement granted him immunity in the State matter. Defendant's motion was denied. From a conviction of driving while impaired, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General David Roy Blackwell for the State.*

*L. Randolph Doffermyre, III, for the defendant-appellant.*

EAGLES, Judge.

I

**[1]** The defendant first assigns error to the trial court's denial of his motion to dismiss. Defendant argues that the plea agreement entered into between the defendant and the United States Attorney entitles him to immunity from prosecution in this case and urges this Court to honor his plea agreement. Defendant asserts that his governmental immunity is unique because the federal court approved his agreement. Defendant's argument is without merit.

Imposing a federal plea agreement upon a State prosecutor impinges upon the longstanding concept of dual sovereignty in a State prosecution of an unrelated crime. State and federal governments derive their power from different sources. Each government represents a distinct and separate sovereign. Each may determine what shall be an offense against its authority. Each

sovereign may punish those offenses by exercising its own power and this power is not dependent upon the actions of another sovereign. *United States v. Wheeler*, 435 U.S. 313, 55 L.Ed. 2d 303, 98 S.Ct. 1079 (1978).

Ignoring the concept of dual sovereignty, the defendant's federal plea bargain cannot apply to bar this State prosecution. The plea agreement offers two assurances to the defendant. The first assurance made is that the State of North Carolina (along with the federal government) would not "bring *additional* charges against the defendant for any violation of law *now known* to the Government." [Emphasis added.] This agreement was signed and approved 30 April 1984. As of that date, this State had already charged the defendant with the offense of driving while impaired. The defendant had been convicted in district court and appealed to the superior court. The driving while impaired charge does not constitute "additional charges." Further, by letter dated 3 August 1984 to State District Attorney H. P. Williams, Jr., Assistant United States Attorney J. Douglas McCullough wrote that the charges contemplated in the plea bargain agreement were solely drug offenses and that at no time was his office aware of any driving while impaired charge. The second assurance made in the plea agreement is that the "Government" would "not indict or prosecute defendant for any criminal offenses that the Government" had knowledge of or that were under investigation. This language clearly contemplates that use of the word "Government" means the United States government and not the State of North Carolina.

For the reasons stated, defendant's first assignment of error is overruled.

## II

[2]  By his second assignment of error, defendant argues that the trial court erred in overruling his objection to Officer Simmons' testimony as to the results of chemical analysis of the defendant's breath. We disagree.

Officer Simmons testified that defendant's alcohol concentration was "0.14 grams of alcohol per 210 liters of breath." Defense counsel objected to this testimony based on the language of the permit granting the officer authority "to perform chemical analy-

sis of the breath to determine blood alcohol concentration." Defendant contends that by the express language of the permit, Officer Simmons "was only competent to determine chemical analysis of the breath to determine blood alcohol concentration as opposed to alcohol breath concentration."

Defendant does not challenge the officer's certification to administer a chemical analysis of breath nor does defendant allege that the officer erred when performing the analysis. Defendant does not contest the 0.14 reading. The only dispute is whether Officer Simmons should have said "0.14 grams of alcohol per 100 milliliters of blood" rather than "0.14 grams of alcohol per 210 liters of breath."

G.S. 20-4.01(0.2) defines alcohol concentration and provides that the concentration of alcohol in a person may be expressed either as:

    a. Grams of alcohol per 100 milliliters of blood; or

    b. Grams of alcohol per 210 liters of breath.

G.S. 20-4.01(3a) defines chemical analysis as "[a] chemical test of the breath or blood of a person to determine his alcohol concentration, performed in accordance with G.S. 20-139.1." G.S. 20-4.01 (3b) defines chemical analyst as "[a] person granted a permit by the Department of Human Resources under G.S. 20-139.1 to perform chemical analyses." Officer Arnold Simmons, Jr. was issued such a permit under the authority of G.S. 20-139.1(b) by the Department of Human Resources on 16 November 1982 with effective dates from 1 December 1982 through 1 December 1984. For purposes of this case, it is irrelevant whether the certificate states blood alcohol concentration or breath alcohol concentration because both are measured in the same manner and produce the same mathematical result which can be expressed in terms of 100 milliliters of blood or 210 liters of breath.

G.S. 20-4.01(0.2) allows Officer Simmons to express alcohol concentration in terms of 210 liters of breath. His permit authorizes him to perform that analysis. His testimony was competent.

### III

[3] Defendant's last assignment of error is that the trial court erred by enhancing the defendant's sentence following his conviction in a trial *de novo*. We disagree.

---

---

The due process clause of the Fourteenth Amendment does not prohibit increased sentences in a second trial. A violation occurs only when the court imposes an increased sentence motivated by actual vindictiveness toward the defendant for having exercised his guaranteed right to appeal. *Wasman v. United States*, 468 U.S. 559, 82 L.Ed. 2d 424, 104 S.Ct. 3217 (1984). A presumption of vindictiveness arises when the State offers no evidence or the sentencing court fails to explain or justify the increase. The State must rebut the presumption. *Wasman, supra.*

The presumption of vindictiveness does not apply in this case. There is ample evidence in the record that the defendant had been convicted of a federal drug offense in the intervening period between the district court trial and the superior court appeal. This intervening conviction justifies an enhanced sentence and amply rebuts any presumption of vindictiveness. *Wasman, supra.* Since the presumption of vindictiveness does not apply, the defendant must prove actual vindictiveness. *Wasman, supra.* This he has failed to do. The defendant contends that the trial judge sentenced defendant to seven months imprisonment *after* the defendant noted an appeal and that the trial judge increased the sentence only because the defendant chose to appeal. The evidence does not support this argument.

Defendant was subject to Level 2 punishment. "A defendant subject to Level Two punishment may be fined up to one thousand dollars ($1,000) and must be sentenced to a term of imprisonment of not less than seven days and not more than 12 months." G.S. 20-179(h). The trial judge offered the defendant an option, he could serve a seven-month active sentence, or, if he could raise $1,000, which included a $400.00 fine plus costs and attorney's fees, he could serve the mandatory seven-day term. The defendant requested the seven-month active sentence and the trial judge then noted the appeal.

For the reasons stated, defendant's third assignment of error is overruled.

The defendant received a fair trial free from error.

No error.

Judges WHICHARD and COZORT concur.